# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HECTOR L. JONES,** | **Civil Action No. 23-3416 (KMW)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **PATRICK A. NOGAN, et al.,** | |
| **Respondents.** | |

This matter comes before the Court on Petitioner Hector L. Jones's habeas petition (ECF No. 1) through which Petitioner seeks to challenge his 1993 murder conviction. As Petitioner has paid the filing fee, this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his current petition, Petitioner seeks to challenge his 1993 murder conviction based on allegedly faulty jury instructions, ineffective assistance of counsel, and alleged violations of his right to self-incrimination. Putting aside the fact that Petitioner's current habeas petition is almost certainly time barred given the thirty years that have passed between Petitioner's conviction and the current day, the Court notes that this is not Petitioner's first attempt to file a habeas petition challenging this conviction. In November 1997, Petitioner filed a first habeas petition challenging his current conviction. (*See Jones v. Morton*, Docket No. 97-5584 at ECF No. 1.) Indeed, Petitioner's habeas petition in that matter raised at least some of the same claims he now seeks to pursue. (*See Jones v. Morton*, Third Circuit Docket No. 01-3887, Order of November 7, 2002,

noting that Petitioner had raised self-incrimination claims which had properly been denied on the merits). Judge Cavanaugh denied that petition on the merits on August 3, 2001. (Docket No. 97-5584 at ECF No. 13.) Petitioner appealed, and was denied a certificate of appealability by the Third Circuit on November 7, 2002. As Petitioner had a previous habeas petition denied on the merits as to his current conviction, Petitioner's current filing appears to be a second or successive habeas petition filed without leave of the Court of Appeals.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), this Court's jurisdiction over second and successive habeas petitions brought under § 2254 is limited. *See* 28 U.S.C. § 2244(b)(3)(A). Under AEDPA, a habeas petitioner may not file a second or successive habeas petition in this Court without first receiving authorization from the appropriate court of appeals, in this case the Third Circuit. *Id.* Absent a grant of authorization from the Court of Appeals, this Court lacks jurisdiction over a second or successive habeas petition. *Id.*; *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (district court "never had jurisdiction to consider" successive petition where the petitioner "did not seek or obtain authorization to file in the District Court"); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar"). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). The transfer of such a petition, however, will only be warranted where the claim presented in the second or successive motion *prima facie* satisfies one of the criteria for the granting of leave presented in § 2244(b)(2). *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Only two

types of claims will satisfy those criteria – claims based on newly discovered evidence which was not previously available and which would establish by clear and convincing evidence that no reasonable juror could find the petitioner guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 22244(b)(2).

Petitioner's current petition is a second or successive habeas petition filed in this Court without first seeking leave of the Court of Appeals. Petitioner does not raise any claims of newly discovered evidence, and certainly none which purports to show no reasonable juror could find him guilty. His petition likewise does not set forth a claim based on any new rule of constitutional law made retroactive to his case on collateral review. It therefore fails to prima facie meet the criteria of § 2244(b)(2), and a transfer would therefore not be warranted in this matter. As such, this Court must dismiss the petition without prejudice as a second or successive habeas petition over which this Court lacks jurisdiction. *Robinson*, 313 F.3d at 139. Petitioner's habeas petition is therefore dismissed without prejudice for lack of jurisdiction.

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as for lack of jurisdiction. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge

3